O/JS-6

cc Los Angeles
Superior Court
No. BC421991

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-07625 ODW (CWx) | Date | December 17, 2009 |
|---|---|---|---|
| Title | *Bobbie J. Reichstein v. H & R Block Mortgage Corp., et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge |
|---|---|

| Raymond Neal | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present     Not Present

**Proceedings (IN CHAMBERS):**     Order GRANTING Motion to Remand [ 22]

## I.     FACTUAL BACKGROUND

This cases arises out of a home equity loan between Bobbie J. Reichstein ("Plaintiff") and Defendants H & R Block Mortgage Corporation ("H & R Block") and American Home Mortgage Servicing, Inc. ("American Home Mortgage") (collectively, "Defendants"). Plaintiff, a widow who was 76 years old at the time the loan was executed, alleges she was defrauded into refinancing her home at a monthly payment of principal and interest for which she did not qualify and could not afford.

Plaintiff filed this case in Los Angeles Superior Court on September 17, 2009. The initial complaint contained four state law claims and one federal claim based on the Truth in Lending Act ("TILA"). On October 20, 2009, American Home Mortgage removed the case to this Court under federal question jurisdiction based on the TILA claim. Plaintiff filed a Stipulation for Filing First Amended Complaint on November 16, 2009, and it was granted by the Court on December 1, 2009. On December 3, 2009, Plaintiff filed her First Amended Complaint ("FAC"), which dropped the TILA claim but retained the four state law claims. Plaintiff filed this Motion to Remand on November 19, 2009.

## II. **LEGAL STANDARD**

If it appears at any time prior to final judgment that a federal court lacks subject matter jurisdiction, then it must remand the case. 28 U.S.C. § 1447(c). The removal statutes are construed restrictively, and any doubts as to the right of removal are resolved in favor of remanding the case to state court. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal means that the moving party has the burden of establishing that removal was proper. *Id.*

"Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed." *Spencer v. U.S. Dist. Court*, 393 F.3d 867, 871 (9th Cir. 2004). "When removal is proper at that time, subsequent events, at least those that do not destroy original subject matter jurisdiction, do not require remand." *Id.* Although remand is not required once the federal claims that were the basis for a district court's original jurisdiction have been dropped from a lawsuit, the district court, at its discretion, may remand if it finds that remand "will best accommodate the values of economy, convenience, fairness, and comity." *Harrell v. 20th Century Insurance Co.*, 934 F.2d 203, 205 (9th Cir. 1991).

## III. **DISCUSSION**

Plaintiff contends that this matter should be remanded because Plaintiff's operative complaint no longer contains any federal claims. Defendants argue that remand is improper because jurisdiction existed at the time of removal and the First Amended Complaint continues to present federal questions under TILA, but are merely cloaked as state law claims.

Generally, when all federal claims are dismissed in a lawsuit's early stages and only state law claims remain, the balance of factors will point toward declining to exercise jurisdiction over the remaining state law claims. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 349 (1988); *Wren v. Sletten Const. Co.*, 654 F.2d 529, 536 (9th Cir. 1981) ("When the state issues apparently predominate and all federal claims are dismissed before trial, the proper exercise of discretion requires dismissal of the state claim."). However, when the district court has been fully briefed on other issues in the case before the federal claims were dropped and the motion to remand was filed, interests of "economy, convenience, fairness, and comity" could indicate that the district court properly exercised its discretion to retain jurisdiction. *Harrell*, 934 F.2d at 205.

Here, the case is at an early stage of litigation. The Court has only been briefed on Plaintiff's Motion to Remand, so remand would not adversely affect judicial economy. Also, the remaining claims are based exclusively on state law, and thus are best resolved in state court. Furthermore, since the case began in state court, the Court cannot envision

how the parties would be inconvenienced or notions of fairness impacted by remand.[1] Therefore, the Court finds that remand will best accommodate the values of economy, convenience, fairness, and comity.

Defendants also contend that Plaintiff's Motion to Remand should fail because a federal question remains in the First Amended Complaint. Here, Defendants have not shown that Plaintiff's state law claims are completely preempted by TILA. *See Silvas v. E\*Trade Mortgage Corp.*, 514 F.3d 1001, 1007 (9th Cir. 2008) ("TILA does not preempt state law unless the state law is inconsistent with TILA"). While the First Amended Complaint may include some allegations similar to those that would be actionable under TILA, Defendants have not shown that Plaintiff's state law claims are completely preempted by federal law. Defendants have likewise not shown that a federal statute provides the exclusive remedy for Plaintiff's state law claims as currently pleaded.

## IV.  CONCLUSION

For the foregoing reasons the Court **GRANTS** Plaintiff's Motion to Remand.

**IT IS SO ORDERED.**

|                      | --  :  00 |
|---------------------:|:----------|
| Initials of Preparer | RGN       |

---

[1] As the Ninth Circuit has noted, dismissal of the federal claims in a complaint that was originally filed in state court so as to facilitate remand is a legitimate strategy. *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995).